Matthew Sutton, OSB No. 924797
msutton@integra.net
Attorney at Law
205 Crater Lake Avenue
Medford, OR 97504
Phone: 541-772-8050

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| JERALD INGERSOLL, | Case No. 1:21-cv-01060 |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| BRANDSNESS, BRANDSNESS & RUDD, P.C., an Oregon Corporation and CARTER-JONES COLLECTION SERVICE, INC., an Oregon Corporation, | FAIR DEBT COLLECTION PRACTICES ACT |
| | (15 U.S.C. §1692a, et seq.) |
| Defendants. | DEMAND FOR JURY TRIAL |

**I. INTRODUCTION**

      1. This is an action for damages brought by an individual consumer for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

**II. JURISDICTION**

      2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. §1692k(d) and involves a "federal question" pursuant to 28 U.S.C. § 1331.

### III. PARTIES

3. Plaintiff Jerald Ingersoll ("Mr. Ingersoll") is a natural person residing in Klamath County, Oregon.  Mr. Ingersoll is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Brandsness, Brandsness & Rudd, P.C.  ("Law Firm") is an Oregon Corporation and law firm with its principal place of business in Klamath County, Oregon. At all times material herein, Law Firm has regularly engaged in the collection of consumer debts.

5. Defendant Carter-Jones Collection Services, Inc. ("Collection Agency") is a collection agency and Oregon Corporation with its principal place of business in Klamath County, Oregon.

6.  At all times herein, both Defendants engaged in the business of regularly attempting to collect debts owed to another by use of the mails and telephone. Defendants are both "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6) All activities of Defendants set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5)

7.  At all times herein, Collection Agency has acted on its own behalf, and also by and through its agent Law Firm.  At all times herein, Law Firm acted both on its own behalf and on behalf of Collection Agency within the course and scope of its representation and agency subject to control exercised by Collection Agency.

### IV. BACKGROUND

8.  Between 2016 and 2019, Mr. Ingersoll incurred multiple uninsured medical bills with Sky Lakes Medical Center ("Sky Lakes") which he has attempted to pay.   The

2    COMPLAINT

medical bills include charges associated with a brain tumor of Mr. Ingersoll which has impaired his ability to work and make a living. Because of his limited finances, he worked out an agreement with Sky Lakes for monthly payments on his account in the amount of $75 per month. Despite this agreement, Sky Lakes sent Mr. Ingersoll's account to Collection Agency for collection which began charging him for amounts that he did not owe, including but not necessarily limited to amounts for 9% interest that was not owed.

9. While Mr. Ingersoll was unemployed due to the effects of his brain tumor, Defendants filed a lawsuit against him in the State of Oregon, Klamath County Circuit Court Case No. 20CV13195 ("the Lawsuit") seeking to collect on the Sky Lakes account. Representing himself, Mr. Ingersoll filed an Answer and the case was assigned to arbitration. Seeking to collect amounts that were not owed, on December 30, 2020, Defendants took additional collection action by filing a motion for summary judgment and obtaining an arbitration award that was entered on March 20, 2021, causing liability and economic injury to Mr. Ingersoll.

10. The motion and resulting award sought to collect interest amounts that were not owed because they were charged on an open account prior to the date of the last item in the open account in violation of ORS 82.010. They also sought to collect interest based upon contradictory terms in Sky Lakes' Conditions of Services on when the payments were due. Those Conditions recited that payment was due "no later than ten days after a final notice has been sent" but also provided that "all account balances are due in full upon receipt of the bill." This compounded the problems with the interest that Defendants sought to collect.

3    COMPLAINT

11.  On March 18, 2021, in order to avoid entry of judgment for amounts that he did not owe, Mr. Ingersoll incurred $283 in expenses to his further economic injury to appeal the arbitration award and request a trial de novo.  Defendants continue to seek to collect these inappropriate amounts by proceeding to trial and ignoring Mr. Ingersoll's efforts to resolve this matter.

## VIOLATION OF FDCPA

12.   All preceding paragraphs are incorporated by this reference.

13.   Defendants' collection actions were unfair collection practices which sought to collect amounts not expressly authorized by agreement or law in violation of 15 USC §1692f(1).

14.  As a result of these violations, Mr. Ingersoll suffered economic injury as alleged herein and in such further amounts to be proven at trial.

15.  As a further result of these violations, Mr. Ingersoll was subjected to a material risk of financial harm and further suffered anxiety, frustration emotional upset, stress and sleeplessness, all to his noneconomic damage in an amount to be proven at trial.

16. Defendants' actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to consumers such as Mr. Ingersoll.

17.   Plaintiff is entitled to statutory damages and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. Declaring that Defendants' conduct violated the FDCPA and enjoining any further violations;

B. Actual and noneconomic damages pursuant to 15 U.S.C. §1692k in an amount to be proven at trial;

C. Statutory damages pursuant to 15 U.S.C. §1692k; and

D. Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

E. For such other and further relief as may be just and proper.


DATED this 16th day of July, 2021.


/s/  Matthew Sutton
Matthew Sutton, OSB #924797
Attorney at Law
205 Crater Lake Avenue
Medford, OR 97504
msutton@integra.net
Phone: 541-772-8050
Attorney for Plaintiff

5     COMPLAINT