IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JERALD INGERSOLL,                    Civ. No.1:21-cv-01060-AA

           Plaintiff,                        **OPINION & ORDER**

     v.

BRANDSNESS, BRANDSNESS
& RUDD, P.C.; CARTER-JONES
COLLECTION SERVICE, INC.,

           Defendants.

AIKEN, District Judge.

       This case comes before the Court on Motion to Dismiss filed by all Defendants. ECF No. 32. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is GRANTED and this case is DISMISSED.

## LEGAL STANDARD

       To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*,

556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## BACKGROUND

Plaintiff Jerald Ingersoll resides in Kamath County, Oregon. Second Am. Compl. ("SAC") ¶ 3. ECF No. 28.

Defendant Brandness, Brandness & Rudd, P.C. ("Brandness") is an Oregon corporation with its principal place of business in Klamath County, Oregon. SAC ¶ 4. Defendant Carter-Jones Services, Inc. ("Carter-Jones") is a collection agency and Oregon corporation with its principal place of business in Klamath County, Oregon. *Id*. at ¶ 5. Carter-Jones retained Brandness to represent it in an underlying state court action against Plaintiff. *Id*. at ¶ 7.

Between 2016 and 2019, Plaintiff accrued a number of medical bills at Sky Lakes Medical Center ("Sky Lakes"), which remain unpaid. SAC ¶ 8. Sky Lakes referred Plaintiff's account to Carter-Jones for collection. *Id*. Plaintiff alleges that Carter-Jones charged Plaintiff for amounts that were not owing and interest that was not due. *Id*.

On August 6, 2020, Defendants served Plaintiff with a lawsuit in Klamath County Circuit Court, Case No. 20CV13195 (the "underlying action"). SAC ¶ 9.

Plaintiff represented himself in the underlying action and filed an answer on September 8, 2020. *Id.* The underlying action was assigned to arbitration on September 9, 2020. *Id.*

On September 22, 2020, Defendants filed a motion and declaration seeking to take a default on Plaintiff. SAC ¶ 10. Because Plaintiff had filed an answer in the underlying action, the motion for default was denied and the case proceeded in arbitration. *Id.*

On December 30, 2020, Defendants filed a motion for summary judgment in the underlying action. SAC ¶ 11. Although the motion was filed with the arbitrator, Defendants erroneously sent the motion to the incorrect address. *Id.* Defendants certified that they had served the motion on the incorrect address. *Id.* Defendants subsequently served the motion on the correct address and Plaintiff does not contest that the motion was served on him. *Id.*

Plaintiff alleged that Defendants falsely certified that Plaintiff was served electronically with the motion for summary judgment when no such electronic service occurred. SAC ¶ 11. In his Response to the present motion, Plaintiff concedes that this allegation was "mistaken." Pl. Resp. 17. ECF No. 33.

On February 8, 2021, the arbitrator granted Defendants' motion for summary judgment and entered an award in Defendants' favor on March 20, 2021. SAC ¶ 12.

On March 18, 2021, Plaintiff appealed the arbitration award to the circuit court and requested a trial de novo. SAC ¶ 13. On January 4, 2022, the circuit court denied Defendants' motion for summary judgment. *Id.* The underlying action has been

scheduled for a jury trial. *Id.*

## DISCUSSION

Plaintiff brings claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq* . The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996) (quoting 15 U.S.C. § 1692(e)). Whether conduct violates the FDCPA is determined by analyzing from the prospective of the "least sophisticated debtor," that is, courts "seek to ensure that even the least sophisticated debtor is able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). Because the FDCPA is a remedial statute, it must be construed liberally in favor of the debtor. *Id.* at 1176.

Here, Plaintiff alleges that "[b]y serving Mr. Ingersoll with the Collection Lawsuit, seeking to collect the amounts specified therein, and inappropriately seeking a default against him, Defendants have violated one or more of the provisions of the FDCPA[.]" SAC ¶ 15. Plaintiff alleges that Defendants (i) engaged in false, deceptive, or misleading misrepresentations or means in connection with the collection of the debt in violation of 15 U.S.C. §§ 1692e and 1692e(10); (ii) misrepresenting the amount of the debt in violation of § 1692e(2)(A); (iii) threating to

take action that Defendants cannot legally take in violation of § 1692e(5); (iv) using unfair or unconscionable means to collect or attempt to collect the debt engaged in violation of § 1692f; "and/or" (v) collecting amounts not authorized by law or agreement in violation of § 1692f. *Id.*

One of the issues apparent in the briefing of the present motion is that Plaintiff does clearly connect specific acts of Defendants to his FDCPA claims. As noted, Plaintiff has conceded that his allegations concerning electronic service of the motion for summary judgment in the underlying action were "mistaken." Pl. Resp. 17. Additionally, in his Response to Defendants' Motion, Plaintiff clarifies that his allegations concerning Defendants' initial mailing of the summary judgment motion to the wrong address was not intended to be an allegation of a violation of the FDCPA, but only as an "aggravating factor," and so it would be "irrelevant" to Defendants' motion. Pl. Resp. 17. This is far from clear on the face of the pleadings, however. In future filings, Plaintiff should take care that his allegations are clear so that the Court and any defendants can understand what, precisely, is being alleged.

With those non-claims eliminated from consideration, the Defendants' motion concerns two principal issues. First, Defendants move to dismiss Plaintiff's claim that the amount of the debt was misstated or misrepresented on the basis that the claim is time-barred. Second, Defendants move to dismiss Plaintiff's claim that the erroneous motion for default was in violation of the FDCPA on the basis that Plaintiff fails to state a claim.

### I. Plaintiff's Claims Concerning the Amount of the Debt are Time-Barred

As noted, Defendants assert that Plaintiff's action is time-barred to the extent that it relies on the claim that the amount of the debt was misstated or misrepresented in the underlying action. The statute of limitations for actions under the FDCPA is provided by 15 U.S.C. § 1692k:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one years from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

The Supreme Court has held that, absent the application of an equitable doctrine, this limitation period "begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, ___U.S.___, 140 S. Ct. 355, 358 (2019).

Here, Defendants alleged misstated the amount of the debt owed in violation of the FDCPA by the filing of a lawsuit seeking the allegedly erroneous sum in Oregon state court. SAC ¶ 9. The Ninth Circuit has held that in such cases, the statute of limitations begins to run on the filing of the complaint. *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). Plaintiff's argument that the statute of limitations should run from the date of service, which would place this action within the one-year limitations period, is foreclosed by *Naas*.

The Court concludes that Plaintiff's claim that Defendants misstated the amount of the debt owed under 15 U.S.C. § 1692e(2)(A) is time-barred and that claim is DISMISSED.

## II.   Erroneous Motion for Default

Plaintiff alleges that Defendants filed a motion for default in the underlying action, despite Plaintiff's filing of an answer. SAC ¶ 10. The default was not granted. *Id.* Plaintiff alleges that this erroneous request for a default is an attempt to collect the debt and a violation of the FDCPA. *Id.* at ¶ 15.

In *Anglin v. Merchants Credit Corp.*, Case No.: 18-cv-507-BJR, 2020 WL 4000966 (W.D. July 15, 2020), a Washington district court confronted a similar situation. In *Anglin*, the defendant sought and received an improper writ of garnishment against the plaintiff. *Id.* at *4. The plaintiff challenged the garnishment in the issuing court, which granted the plaintiff's request and quashed the writ as improperly issued. *Id.* The plaintiff alleged that the defendant's procedural misstep was a violation of 15 U.S.C. §§ 1692e(2)(A) (falsely representing the legal status of the debt); 1692e(5) (threatening to take action that cannot or is not intended to be taken); 1692e(10) (false representation or deceptive means); 1692f (using unfair or unconscionable means to collect or attempt to collect the debt); and 1692f(1) (collecting amounts not authorized by law). *Id.*; *compare* SAC ¶ 15 (similarly alleging violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692e(5), 1692f, 1692f(1)).

The Washington district court rejected the plaintiff's claim, finding that, "at worst, Defendants violated a state court procedural rule—not substantive law," and

that the appropriate response was to contest the erroneous writ in the issuing court, which was done, and the error was remedied. *Anglin*, 2020 WL 4000966, at *4. "In other words, the procedural mishap was quickly resolved by the court in which the mishap occurred." *Id.* The Court when on to hold:

> Generally, such procedural mishaps in state court cannot be the basis for a FDCPA claim. *See Lena v. Cach, LLC*, No. 14-cv-01805, 2015 WL 4692443, at *5 (N.D. Ill. Aug. 6, 2015) (claims under the FDCPA cannot be based on evidentiary and procedural deficiencies in state-court action); *Beavers v. Midland Funding, LLC*, No. 4:16-cv-00886, 2017 WL 2568918, at *3, n.3 (E.D. Ark. June 13, 2017) ("procedural irregularities are not cognizable under the FDCPA"); *Washington v. N. Star Capiral Acquisition, LLC*, No 08-cv-2823, 2008 WL 4280139, at *2 (N.D. Ill. Sept. 5, 2008) ("[T] the FDCPA will not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure"); *Drennan v. First Resolution Inv. Corp.*, No. 2:08-cv-461, 2010 WL 11619554, at *4 (E.D. Tex. Mar. 1, 2010) ("At best, the Defendant' use of the suit on account did not meet requirements under state procedural rules, but that does not rise to the level of a violation of the FDCPA . . . This is not the type of claim or collection effort by a debtor that the FDCPA was intended to prevent. The FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."), *aff'd*, 389 F. App'x 352 (5th Cir. 2010).
>
> The Court concludes that Defendants' procedural error was innocuous and, certainly not "unconscionable" in either the legal or lay sense, and as such, cannot be the basis for a FDCPA claim. *See Wade*, 87 F.3d at 1100 (9th Cir. 1996) (defendants' violation of state law was innocuous and any remedy to which plaintiff was entitled lay in state law, not the FDCPA). Therefore, Plaintiff's FDCPA claim fails as a matter of law and must be dismissed.

*Anglin*, 2020 WL 4000966, at *5.

Here, the Court is persuaded by the reasoning of the court in *Anglin*. The erroneous motion for default amounted to a minor procedural misstep that, like the improper writ of garnishment, was quickly resolved by the state court. Indeed, the

conduct in the present case is even more innocuous than the acts taken by the defendants in *Anglin* because, unlike the writ of garnishment in that case, the erroneous motion for default was denied at the outset by the court and did not require remedial measures. The Court therefore grants Defendants' Motion and dismisses Plaintiff's FDCPA claims based on the improper motion for default.

Because the claims based on the alleged misstatement of the amount of the debt are time-barred and the claims based on the erroneous motion for default fail to state a claim, the Court GRANTS Defendants' motion in its entirety. Although Plaintiff's Response requests leave to amend the complaint a third time, Plaintiff does not suggest what, if any additional facts would remedy the defects identified above and the Court concludes that any further amendment would be futile.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED and this case is DISMISSED without further leave to amend. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ___21st___ day of March 2023.

                                                /s/Ann Aiken
                                                ANN AIKEN
                                                United States District Judge