IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JERALD INGERSOLL,

Plaintiff,

v.

BRANDSNESS, BRANDSNESS & RUDD, P.C.; CARTER-JONES COLLECTION SERVICE, INC.,

Defendants.

Civ. No.1:21-cv-01060-AA

**OPINION & ORDER**

---

AIKEN, District Judge.

This case comes before the Court on Motion to Alter or Amend Judgment filed by Plaintiff. ECF No. 43. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is DENIED.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a party may move "to alter or amend a judgment" within 28 days of its entry. Fed. R. Civ. P. 59(e). "A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington N. Santa Fe. R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). A motion to alter or amend a judgment under Rule 59(e) is, however, an "extraordinary remedy, to be used sparingly in the interests of finality and

conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). A district court may grant a Rule 59(e) motion is it "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (internal quotation marks and citation omitted, alteration normalized). This standard presents a "high hurdle" for a litigant seeking reconsideration under Rule 59(e). *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001).

In addition, "Rule 59(e) permits a court to alter or amend a judgment but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks and citation omitted).

**DISCUSSION**

In March 2023, this Court granted Defendant's motion to dismiss and entered a judgment of dismissal. ECF Nos. 40, 41. As relevant to the present motion, the Court found that Plaintiff's claims were untimely because they were not filed within one year of the filing of Defendant's state court complaint, which initiated the running of the limitations period. Opinion & Order at 6-7 (citing *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997)), ECF No. 40.

In the present motion, Plaintiff argues that the Court committed clear error when it dismissed Plaintiff's claim as untimely without considering the effect of equitable tolling on the limitations period. Defendant responds, and Plaintiff

concedes, that Plaintiff never raised the issue of equitable tolling in response to Defendant's motion to dismiss. A motion under Rule 59(e) is not a vehicle for raising arguments that could have been raised prior to the entry of judgment. *Exxon Shipping*, 554 U.S. 485 n.5; *see also Kona Enters.*, 229 F.3d at 890 ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)). Plaintiff's argument concerning equitable tolling is foreclosed by his failure to raise the issue prior to the entry of judgment and the Court declines to grant Plaintiff's motion on that basis.

Plaintiff has also filed a Notice of Supplemental Authority, ECF No. 46, in which he argues that the Ninth Circuit's decision in *Brown v. Transworld Sys. Inc.*, 73 F.4th 1030 (9th Cir. 2023) constitutes an intervening change in controlling law for purposes of Plaintiff's Rule 59(e) motion. As a preliminary matter, this "Notice of Supplemental Authority" raises an entirely new argument, distinct from the arguments raised in the original motion, and is, in effect, a successive motion for reconsideration. A motion to amend judgment under Rule 59(e) must be filed within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). Plaintiff's Notice was filed more than three months after the entry of judgment. As such, it is untimely.

Turning to the substance of the motion, Plaintiff argues that the Ninth Circuit's decision in *Brown* established that the limitations period runs from the service of the underlying state court lawsuit, as well as the filing of the lawsuit because each are independent violations of the FDCPA. If Plaintiff's claims are

reckoned to have accrued on the service of the state court lawsuit, rather than the filing of the lawsuit, then his claims would not be time barred.

As noted, the Court relied on *Naas*, which held that that an FDCPA claim accrues on the filing of a complaint, rather than on the date of service of the complaint. *Naas*, 130 F.3d at 893.

In *Brown*, the Ninth Circuit considered a situation in which the plaintiff was served with summonses and complaints in February 2019 and the complaints were filed in April 2019. *Brown*, 73 F.4th at 1036. The plaintiff brought an action under the FDCPA and the district court dismissed as untimely because more than one year had elapsed between the service of the underlying complaints and the filing of the FDCPA action. *Id.* at 1037. The Ninth Circuit reversed, holding that the filing of the underlying complaints was an independent violation of the FDCPA and that the federal claim was timely for the claims related to the complaints. *Id.* at 1046.

In *Brown*, the Ninth Circuit derived the following test based on the holding of *Naas*: "When the alleged FDCPA violation is the bringing of a debt collection lawsuit, we determine which actions constitute independent FDCPA violations by considering (1) the debt collector's last opportunity to comply with the statute and (2) whether the date of the violation is easily ascertainable." *Brown*, 73 F.3d at 1042. Additionally "to plausibly allege that a litigation act is a violation of the FDCPA, the debtor must aver sufficient facts to show that the debt collector's act is a *new* violation of the FDCPA," because "[t]here is a difference between litigating a case and committing affirmative FDCPA violations during that litigation." *Id.*

However, the Ninth Circuit held that, to constitute a new FDCPA violation, a mid-litigation act by the defendant must do "more than simply reaffirm the legitimacy of the state suit" and must constitute "a last opportunity to comply with the FDCPA." *Brown*, 73 F.4th at 1044 (quotation marks and citation omitted, alterations normalized, alternations normalized). In holding that both service and filing may constitute independent violations of the FDCPA, the Ninth Circuit was careful to apply that holding to a situation where service occurs *before* the filing of the underlying lawsuit. *See Id.* at 1044-46 (contrasting with *Johnson v. Riddle* 305 F.3d 1107 (10th Cir. 2002)) ("[W]e hold that when service occurs before filing, filing constitutes an independent violation of the FDCPA . . . Filing is not merely 'doubling down' on the initial act of service; it requires an affirmative step forward.").

Here, the situation is the reverse of *Brown*—service occurred after the filing of the lawsuit. The Court concludes that, consistent with *Haas* and *Brown*, service is an act taken to reaffirm the legitimacy of the already-filed suit. It does not constitute a new violation of the FDCPA and so the Ninth Circuit's decision in *Brown* does not alter the Court's decision. Plaintiff's motion is therefore DENIED.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Alter or Amend Judgment, ECF No. 43, is DENIED.

It is so ORDERED and DATED this 21st day of December 2023.

/s/Ann Aiken
ANN AIKEN
United States District Judge